UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SANDRA SIDDONS,                          )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  ) CAUSE NO:
                                         )
INDIANA DEPARTMENT OF REVENUE,           )
                                         )
          Defendant.                     )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiff, Sandra Siddons ("Siddons"), brings this action against Defendant, Indiana Department of Revenue ("Defendant"), for unlawfully violating her rights as protected by the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq.* ("Section 504").

## PARTIES

2.     Siddons has resided within the Southern District of Indiana at all relevant times.

3.     Defendant is an Indiana government agency operating within the Southern District of Indiana.

## JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 29 U.S.C. § 794a.

5.     Siddons was an employee within the meaning of Section 504.

6.     Defendant is an employer within the meaning of Section 504.

7.     Siddons is an individual with a disability as that term is defined by Section 504, including 29 U.S.C. §§ 705(9) and (20).

8.     Siddons is a qualified individual with a disability, has a record of a disability, and/or

1

was regarded as disabled by Defendant.

9. Siddons was an employee under a "program or activity" pursuant to 29 U.S.C. § 794(b).

10. At all relevant times, Defendant has received federal funding and is principally engaged in administering varying tax types and annually processing tax revenue.

11. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

12. Defendant hired Siddons in or about April 2017.

13. Siddons was a Programmer Analyst Senior when Defendant fired her.

14. Sukhleen Virdi ("Virdi") supervised Siddons at all relevant times.

15. Siddons had previously been diagnosed and treated for cancer.

16. Siddons received radiation as part of her cancer treatment.

17. As a result of her cancer treatment, Siddons developed radiation colitis.

18. Siddons' medical impairments have significantly limited her in one or more major life activities, including, but not limited to, thinking, concentrating, working, eating, sleeping, caring for herself, gastrointestinal activities, and bowel activities.

19. Siddons' radiation colitis has caused her to experience debilitating abdominal pain, gastrointestinal bleeding, a feeling of being unable to empty the bowel, and diarrhea, among other issues.

20. Siddons' work performance met or exceeded Defendant's legitimate expectations at all relevant times.

21. Siddons received an annual performance review for 2021 that provided her performance, at a minimum, met Defendant's expectations.

22. Siddons received three quarterly reviews in 2022 that provided her performance, at a

minimum, met Defendant's expectations.

23.    Siddons received no negative counseling or discipline from Defendant for her performance in 2021.

24.    Siddons received no negative counseling or discipline from Defendant for her performance during 2022.

25.    Siddons requested a reasonable accommodation for her disability in the form of additional time to work from home.

26.    Defendant approved Siddons' request and authorized her to work remotely one extra day per week for up to three days per month.

27.    The approved accommodation days were in addition to those already regularly worked by Siddons remotely.

28.    Defendant had previously approved Siddons for intermittent leave under the Family and Medical Leave Act.

29.    On or about January 17, 2023, Virdi advised Siddons that she had to mark her down on her performance evaluation because of her protected leave and accommodations.

30.    Virdi asked Siddons if she had looked into long-term disability leave and then told her that she could not hire anyone for her position for six months.

31.    Virdi had previously commented to Siddons in or about March 2022 that she should look into disability leave.

32.    On or about January 19, 2023, Siddons complained to Jillian Wooten ("Wooten"), a representative in the State Personnel Department, about disability discrimination, including Virdi's comment about how she was going to reduce her performance evaluation because of her protected leave and accommodations.

33.     Wooten instructed Siddons to contact Defendant's Human Resources Department.

34.     On or about January 23, 2023, Siddons complained about disability discrimination to Jared Herring ("Herring"), Defendant's Senior Human Resources Business Partner.

35.     Siddons described to Herring her conversation with Wooten and then her conversation with Virdi on or about January 17, 2023.

36.     Herring informed Siddons that Virdi's statements and plans violated Defendant's policies.  He represented to Siddons that Human Resources generally reviews performance appraisals to try to ensure they reflect the work of the employee and are not related to a disability of any kind.

37.     Siddons' complaints to Wooten and Herring were statutorily-protected by Section 504.

38.     Virdi and Caitlin Floyd ("Floyd"), Defendant's Human Resources Director, met with Siddons on or about January 30, 2023.

39.     Floyd informed Siddons that Defendant was firing her.

40.     Siddons received no discipline in 2021 and 2022 for her performance in 2021 and 2022.

41.     Siddons had no understanding that her employment was in jeopardy when Defendant fired her.

42.     Defendant took adverse employment actions against Siddons because of her disability, her record of a disability, its perception of her being disabled, and/or her statutorily-protected conduct (opposing disability discrimination, asking for a reasonable accommodation, and using her reasonable accommodation).

43.     Defendant used Siddons' accommodation against her, thereby, in essence, denying her accommodation requests.

44.     Any reason proffered by Defendant for the adverse actions it took against Siddons is pretextual.

45.     Siddons has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

### DISABILITY DISCRIMINATION – SECTION 504

46.     Siddons hereby incorporates paragraphs 1-45 of her Complaint.

47.     Siddons asked for reasonable accommodations.

49.     Defendant used Siddons' requested reasonable accommodation against her, thereby denying her accommodation requests.

50.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Siddons rights as protected by Section 504.

## COUNT II

### DISABILITY DISCRIMINATION – SECTION 504

51.     Siddons hereby incorporates paragraphs 1-50 of her Complaint.

52.     Defendant fired Siddons because of her disability, her record of a disability, and/or its perception of her being disabled.

53.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Siddons' rights as protected by Section 504.

## COUNT III

### DISABILITY RETALIATION – SECTION 504

54.     Siddons hereby incorporates paragraphs 1-53 of her Complaint.

55. Defendant fired Siddons because of her engagement in statutorily-protected conduct.

56. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Siddons' rights as protected by Section 504.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Sandra Siddons, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Siddons;

2. Defendant reinstate Siddons to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory damages to Siddons;

4. Defendant pay pre- and post-judgment interest to Siddons;

5. Defendant pay Siddons' attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Siddons any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,


/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Sandra Siddons

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:    (317)802-7181
Email:        bwilson@wilsonmelton.com
              smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Sandra Siddons, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,


/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Sandra Siddons